JOHN MULDOON *v.* HOMESTEAD INSULATION
COMPANY ET AL.
(12112)
(12113)

DUPONT, C. J., HEIMAN and SPEAR, Js.

Argued January 6—decision released March 8, 1994

*Karen P. Blado,* with whom, on the brief, was *Mary J. Ambrogio,* for the appellants (defendant Cummings Insulation Company et al.).

*Kevin J. Maher,* for the appellants (named defendant et al.).

*Robert F. Carter,* for the appellee (plaintiff).

HEIMAN, J. The defendants appeal[1] pursuant to General Statutes § 31-301b[2] from the decision of the compensation review division of the workers' compensation commission[3] affirming the decision of the workers' compensation commissioner for the fourth district ordering CNA Insurance Company to pay benefits and all reasonable and necessary medical expenses to the plaintiff John Muldoon pursuant to General Statutes § 31-299b.[4] On appeal, the defendants assert that the review division improperly concluded that the claims

[1] The defendants in the workers' compensation action were Homestead Insulation Company, Liberty Mutual Insurance Company, C.N. Flagg and Company, Kemper Group, Crouse Nuclear Energy, Zurich American Insurance, Home Insurance Company, American Guarantee and Liability Insurance Company, Cummings Insulation Company and CNA Insurance Company.

Appeal No. 12112 was filed by Homestead Insulation Company, C.N. Flagg and Company, Crouse Nuclear Energy and Cummings Insulation Company. Appeal No. 12113 was filed by Cummings Insulation Company and CNA Insurance Company. This court granted the motion by the appellants in appeal No. 12112 to adopt the brief of the appellants in appeal No. 12113. Our decision on the appeal by Cummings and CNA is dispositive of appeal No. 12112.

[2] General Statutes § 31-301b provides: "Any party aggrieved by the decision of the compensation review [division] upon any question or questions of law arising in the proceedings may appeal the decision of the compensation review [division] to the appellate court."

[3] The compensation review division of the workers' compensation commission is now the compensation review board of the workers' compensation commission. Public Acts 1991, No. 91-339, § 20. We will refer to the entity as the review division since that designation applied when the proceedings commenced.

[4] General Statutes § 31-299b provides in pertinent part: "If an employee suffers an injury or disease for which compensation is found by the commissioner to be payable according to the provisions of this chapter, the employer who last employed the claimant prior to the filing of the claim, or the employer's insurer, shall be initially liable for the payment of such compensation. . . ."

for increased and total disability were not barred by a prior stipulation.[5] We reverse the decision of the review division.

The following facts are necessary for a proper resolution of this issue. The plaintiff began working around asbestos in 1947. In 1975, he filed a claim for workers' compensation benefits for pulmonary asbestosis that caused a 50 percent respiratory disability arising out of asbestos exposure from 1947 to 1974. One of the defendants named in that claim was Cummings Insulation Company. On March 31, 1977, the parties settled the claim and agreed that payments were "in full accord and satisfaction of a disputed claim" and "shall be made and accepted as a full and final settlement for all compensation for said injury and for all results upon the [plaintiff], past, present and future, and for all claims for past, present and future medical, surgical, hospital and incidental expenses and all compensation which may be due to anyone in case of the death of the [plaintiff], to the end that the payment of such sum shall constitute a complete satisfaction of all claims due or to become due at any time in favor of anybody on account of the claimed injury, or on account of any condition in any way resulting out of the said injury, or on account of the death of the [plaintiff] on account of said condition." The settlement further stated that the plaintiff understood the agreement to be a "full and final settlement and that it is intended to deal with any and all conditions, known or unknown, which exist as of the date thereof, or any changes of conditions which may arise in the future on account of said alleged occupational disease occurring between 1947 and 1974."

---

[5] The defendants also claim on appeal that the review division improperly (1) concluded that the conduct of the plaintiff did not constitute wilful and serious misconduct, (2) concluded that Cummings Insulation Company was the last responsible employer, and (3) refused to correct the findings as requested. Since we reverse the judgment of the review division, we need not discuss these issues.

On December 12, 1986, the plaintiff filed a claim for workers' compensation benefits for intestinal cancer arising out of asbestos exposure from 1947 to 1984. On June 23, 1987, the plaintiff filed a second claim for workers' compensation benefits for increased pulmonary asbestosis that caused a 75 percent respiratory disability arising out of asbestos exposure from 1975 to 1984.[6] On May 24, 1989, the only medical report referring to the plaintiff's post-1984 lung condition was filed with the commissioner. The report stated that the increased pulmonary disability was a "progression" of the same disease. On April 26, 1991, the workers' compensation commissioner for the fourth district found that the plaintiff "developed a substantial increase in his pulmonary disability." The commissioner further found that the exposure to asbestos from 1975 through 1984 was a "substantial causal factor" in the "substantial increase" of his pulmonary disability.[7] On the basis of this finding, the commissioner ordered the defendants to pay the plaintiff benefits pursuant to § 31-299b.

The defendants appealed the commissioner's decision to the review division without presenting additional evidence. The review division affirmed the commissioner's decision and stated, in relevant part, that the stipulation among the parties did not prohibit the claim because the increased pulmonary disability "constituted new evidence of a new injury." The defendants appealed from this decision.

We must first determine whether the review division properly found that the increased pulmonary disability "constituted new evidence of a new injury" when the commissioner found that the increased pulmonary

[6] The parties agreed to have the two claims consolidated.

[7] The commissioner also found that the plaintiff suffered from colon cancer. The commissioner never made a finding that the asbestos exposure caused the cancer.

disability was a "substantial increase" from the old injury. Determining whether an injury was a substantial increase from a preexisting injury or was a new injury is a question of fact for the commissioner. See *Crochiere* v. *Board of Education,* 227 Conn. 333, 346, 630 A.2d 1027 (1993); *Fair* v. *People's Savings Bank,* 207 Conn. 535, 539, 542 A.2d 1118 (1988); *Mellor* v. *Pleasure Valley Mobile Homes,* 11 Conn. Workers' Comp. Rev. Op. 270, 271 (1993); *Glynn* v. *Terry Corp.,* 8 Conn. Workers' Comp. Rev. Op. 87, 88 (1990). "It is clear that under General Statutes § 31-301 (a) and § 31-301-8[8] of the Regulations of Connecticut State Agencies the review division's hearing of an appeal from the commissioner is not a de novo hearing of the facts." *Fair* v. *People's Savings Bank,* supra, 538. "[I]t is obliged to hear the appeal on the record and not 'retry the facts.' . . . [T]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . . [T]he conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . ." (Citations omitted; internal quotation marks omitted.) *Crochiere* v. *Board of Education,* supra, 347. The commissioner's finding that the disability was a "substantial increase"

---

[8] Section 31-301-8 of the Regulations of Connecticut State Agencies provides: "Ordinarily, appeals are heard by the compensation review division upon the certified copy of the record filed by the commissioner. In such cases, the division will not retry the facts or hear evidence. It considers no evidence other than that certified to it by the commissioner, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusion reached. It cannot review the conclusions of the commissioner when these depend upon the weight of the evidence and the credibility of witnesses. Its power in the corrections of the finding of the commissioner is analogous to, and its method of correcting the finding similar to the power and method of the Supreme Court in correcting the findings of the trial court."

from the old injury was supported by the facts and the review division should not have substituted its finding that the disability was a "new injury."

We must next determine whether the review division properly affirmed the commissioner based on the commissioner's findings that the injury was a substantial increase resulting from the old injury. Our scope of review of the actions of the review division is limited to a determination of whether "[t]he decision of the review division [was] correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." *DeBarros* v. *Singleton,* 21 Conn. App. 107, 110, 572 A.2d 69, cert. denied, 215 Conn. 808, 576 A.2d 538 (1990); see *Vanzant* v. *Hall,* 219 Conn. 674, 677, 594 A.2d 967 (1991). A settlement agreement is a contract among the parties. *Bryan* v. *Reynolds,* 143 Conn. 456, 460, 123 A.2d 192 (1956). " 'Normally, a determination of what the parties intended by contractual commitments is "a question of fact, reversible only if the trier of fact could not reasonably have arrived at the conclusion it had reached"; *Thompson & Peck, Inc.* v. *Harbor Marine Contracting Corporation,* [203 Conn. 123, 130, 523 A.2d 1266 (1987)]; but "[w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Id., 131. "Terms cannot be added to a contract by interpretation." *Connecticut Union of Telephone Workers* v. *Southern New England Telephone,* 148 Conn. 192, 200, 169 A.2d 646 (1961).' *Gaynor Electric Co.* v. *Hollander,* 29 Conn. App. 865, 872–73, 618 A.2d 532 (1993); *Bank of Boston Connecticut* v. *Schlesinger,* 220 Conn. 152, 158, 595 A.2d 872 (1991)." *Rosick* v. *Equipment Maintenance & Service, Inc.,* 33 Conn. App. 25, 38, 632 A.2d 1134 (1993). The settlement agreement states that the payments "shall

be made and accepted as a full and final settlement for all compensation for said injury and for all results upon the claimant, *past, present* and *future,* and for all claims for *past, present* and *future* medical, surgical, hospital and incidental expenses . . . to the end that the payment of such sum shall constitute a complete satisfaction of all claims due or to become due *at any time* in favor of anybody on account of the claimed injury, or on account of any condition in any way resulting out of the said injury . . . ." (Emphasis added.) The settlement further states that the claimant understood the settlement "to deal with any and all conditions, *known or unknown,* which exist as of the date thereof, or *any changes of conditions which may arise in the future* on account of said alleged occupational disease . . . ." On the basis of the contract language, the parties intended, as a matter of law, to have the settlement resolve any claim for an increase in disability resulting from asbestosis of the lung. A settlement agreement resolves "the entire case, including claims both known and unknown, and both certain and uncertain. . . . Obviously, if injuries worsen as time passes, damages will increase, and, if injuries mend, damages will decrease. These are the vagaries of . . . settlement." *Lutynski* v. *B. B. & J. Trucking, Inc.,* 31 Conn. App. 806, 813, 628 A.2d 1, cert. granted on other grounds, 227 Conn. 914, 632 A.2d 692 (1993). Since the commissioner found that the claimed injury was an increase in the disability and not a "new" injury, the plaintiff was precluded by his contract from collecting further compensation for the injury.

The decision of the review division is reversed and the case is remanded with direction to sustain the appeal of the defendants.

In this opinion the other judges concurred.