JOHN MULDOON *v.* HOMESTEAD INSULATION COMPANY ET AL.
(12112)
(12113)

DUPONT, C. J., and HEIMAN and SPEAR, Js.

Submitted February 15—decision released March 21, 1995

*Karen P. Blado,* with whom, on the brief, was *Mary J. Ambrogio,* for the appellants (defendant Cummings Insulation Company et al.).

*Kevin J. Maher,* for the appellants (named defendant et al.).

*Robert F. Carter,* for the appellee (plaintiff).

PER CURIAM. This case is before us on remand from our Supreme Court reversing the judgment of this court and remanding the case to us for the resolution of the issues not previously decided. *Muldoon v. Homestead Insulation Co.,* 231 Conn. 469, 650 A.2d 1240 (1994). The issues that remain unresolved are the defendants' claims that the compensation review division of the workers' compensation commission incorrectly (1) determined that the conduct of the plaintiff did not constitute wilful and serious misconduct, (2) found that the defendant Cummings Insulation Company is the last responsible employer of the plaintiff, and (3) refused to correct the findings as requested by the defendants. We are unpersuaded and affirm the decision of the compensation review division.

The underlying facts are adequately set out in the opinion of this court in *Muldoon v. Homestead Insulation Co.,* 33 Conn. App. 695, 697–98, 638 A.2d 41

(1994), and the opinion of the Supreme Court in *Muldoon* v. *Homestead Insulation Co.*, supra, 231 Conn. 471–73.

We have carefully reviewed the record and briefs of the parties concerning the unresolved issues and find them without merit. The remaining issues presented for review are fact bound in nature. It is the obligation of the compensation review division to hear appeals from the commissioner on the record; it is not empowered to retry the facts. *Crochiere* v. *Board of Education*, 227 Conn. 333, 346–47, 630 A.2d 1027 (1993). The power to determine the facts is vested solely in the commissioner. Id. The conclusions drawn by the commissioner from the facts as he found them must stand unless they result from an improper application of the law to the subordinate facts or from an improper or illegal inference drawn from them. *Muldoon* v. *Homestead Insulation Co.*, supra, 231 Conn. 476.

Because the commissioner's findings that the plaintiff had not engaged in wilful and serious misconduct and that Cummings Insulation Company was the plaintiff's last responsible employer were not based on an incorrect application of the law to the subordinate facts and did not result from an inference illegally or unreasonably drawn from the subordinate facts; id., 478; *Fair* v. *People's Savings Bank*, 207 Conn. 535, 546, 542 A.2d 1118 (1988); we conclude that the division, bound as it was by the findings of the commissioner, properly affirmed the commissioner's decision.

Because we have concluded that the facts were properly found by the commissioner, it necessarily follows that the motion to correct was properly denied.

The decision of the compensation review division is affirmed.