[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
On or about July 24, 1996, the plaintiffs, Leon Patrick Leahy and Oliver O'Neill, brought an action against the defendant, Kildub, Inc., d/b/a The Playwright Pub Restaurant (Kildub). seeking damages arising from a July 29, 1995, motor vehicle accident. Subsequently, on March 4, 1997, and April 21, 1997, O'Neill and Leahy, respectively, released Kildub from any and all claims arising out of the motor vehicle accident. On July 25, 1997, Leahy and O'Neill brought an action against defendants, Staci and Susan Fine (collectively, the Fines), arising from the same motor vehicle accident. On December 12, 1997, the Fines brought an apportionment complaint against Richard Guilfoyle and Richard Guilfoyle d/b/a The Playwright Pub Restaurant (collectively, Guilfoyle). Richard Guilfoyle is the owner and president of Kildub and Kildub owns The Playwright Pub Restaurant. On September 5, 2000, Guilfoyle moved for summary judgment as to the apportionment complaint on the ground that there is no genuine issue of material fact in dispute because Guilfoyle is a settled and released party under Connecticut General Statutes § 52-102b (c). The Fines filed a timely memorandum in opposition.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, CT Page 2786 entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
Guilfoyle argues that pursuant to General Statutes § 52-102b
(c)[1] the Fines already have properly filed two notices of intent to apportion Kildub. Guilfoyle contends, therefore, that under the statute the Fines may not file an apportionment complaint against him as he is the president and owner of Kildub and therefore, a settled and released party. The Fines respond that the release agreements state that Kildub is a settled and released party, but the agreements do not state Guilfoyle's name as well. Consequently, the Fines argue that there is a genuine issue of material fact in dispute as to whether Guilfoyle is a settled and released party in this action.
The court finds that there is a genuine issue of material fact in dispute as to whether Guilfoyle is a settled and released party. "It is well settled that a release . . . is subject to rules governing the construction of contracts. . . . The intention of the parties, therefore, controls the scope and effect of the release, and this intent is discerned from the language used and the circumstances of the transaction . . . It is similarly stated that a release, no matter how broad its terms, will not be construed to include claims not within the contemplation of the parties . . . and, where the language of the release is directed to claims then in existence, it will not be extended to cover claims that may arise in the future." (Internal quotation marks omitted.)Muldoon v. Homestead Insulation Co., 231 Conn. 469, 482, 650 A.2d 1240
(1994), aff'd on remand, 37 Conn. App. 266, 655 A.2d 128 (1995). Despite the fact that Guilfoyle is the president and owner of Kildub, his name as an individual is not included on the release agreement. Additionally, Guilfoyle has not provided this court with any evidence to prove that when Leahy and O'Neill released Kildub, they intended to release Guilfoyle individually as well. See Appleton v. Board of Education, supra254 Conn. 209 (party seeking summary judgment has burden of showing absence of disputed issues of material fact)
Furthermore, "[In general], issues involving motive or intent are not properly resolved on a motion for summary judgment." Union Trust Co. v.Jackson, 42 Conn. App. 413, 419, 679 A.2d 421 (1996). "Intent is clearlya question of fact that is ordinarily inferred from one's conduct or acts under the circumstances of the particular case." (Emphasis added; internal quotation marks omitted.) Jacobs v. Shore, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139935 (May 23, 1996, Ryan, J.). Viewing the evidence in a light most favorable to CT Page 2787 the Fines, the court finds that a genuine issue of material fact exists as to whether Guilfoyle is a settled and released party. Consequently, Guilfoyle's motion for summary judgment is hereby denied.
So Ordered.
D'ANDREA, J.