[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In this case, plaintiff Adrian Girard, executor of the estate of the decedent, Susan Condon, has sued the defendant, Joseph Weiss, M.D., for malpractice based on his alleged misdiagnosis as a plantar's wart of malignant melanoma for which she sought his care and treatment on June 20, 1990. After being informed of Dr. Weiss's diagnosis, Ms. Condon's condition worsened until, on September 12, 1990, she went to another physician who properly identified her cancerous condition and determined that it had developed to the point that it was incurable.
Ms. Condon died testate on April 9, 1992. On September 23, 1992, plaintiff Adrien Girard was appointed executor of her estate. CT Page 2531
On April 8, 1993, on written motion by plaintiff Girard, a deputy clerk of the Superior Court granted the plaintiff a 90-day extension of the statute of limitations so that his counsel might conduct a reasonable inquiry whether or not there was a good faith basis upon which to bring a medical malpractice action against Dr. Weiss. Thereafter, on July 8, 1993, plaintiff Girard placed in the hands of a sheriff duly authorized to serve process in this judicial district a true copy of his writ, summons and complaint in the instant action. Such process was duly served by the sheriff upon Dr. Weiss on July 23, 1993. See Sheriff's Return and Affidavit.
Against this undisputed factual background, Dr. Weiss has moved this Court for summary judgment on the ground that the plaintiff's instant action is barred by the relevant statutes of limitations which govern this action. He claims, more particularly, that because the deputy clerk who granted the 90-day extension of the statute of limitations did so on April 8, 1993, one day before the statutory deadline for filing this action was to have expired, the additional ninety days began to run at once, with the first day of that period being April 9, 1993 and the ninetieth day being July 7, 1993. That being so, the defendant claims that the plaintiff cannot save his action by arguing that the sheriff received process within the statutory period and duly served that process within fifteen days of receiving it, as authorized by General Statutes 52-593a. Instead, he claims, he is now entitled to summary judgment because the sheriff received the process one day after the limitations period expired.
The plaintiff opposes the defendant's Motion for Summary Judgment on two grounds. First, he claims that the defendant's Motion is premature because he has not yet pleaded the statute of limitations as a special defense in this case. Secondly, he argues that even if the defendant's Motion is ruled timely, he is entitled to prevail on that Motion because the uncontested facts clearly show that this action was timely commenced. On that score he argues, more particularly, that since the ninety-day automatic extension to conduct a good faith inquiry does not begin to run until the original limitations period comes to an end, the granting of that extension gave him ninety days after April 9, 1993 — that is, until July 8, 1993 — either to make proper service of that action or to personally deliver it to the office of the CT Page 2532 sheriff so that he might properly serve it within fifteen days of such delivery in order to timely commence the action. Because the latter course is precisely what he did, the plaintiff claims that this action was timely filed, and that the defendant's Motion for Summary Judgment should therefore be denied. For the following reasons, the Court agrees with the plaintiff.
 I.
"Summary Judgment is a method of resolving litigation when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted.) Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595, A.2d 334 (1991).
The "party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . ." (Citation omitted.) Id. "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) State v. Goggin, 208 Conn. 606,616, 546 A.2d 250 (1988). It is "incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citation omitted.) Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 247,618 A.2d 506 (1992). "Summary judgment may be granted where it is clear that a claim is barred by a statute of limitations." Woodside Green Condominium Association, Inc. v. Woodside Green, Inc., 9 Conn. L. Rptr. 637 (October 4, 1993, Lewis, J.), citing Mac's Car City, Inc. v. American National Bank,205 Conn. 255, 259-60, 532 A.2d 1302 (1987).
Prior to October 1, 1992, "any party [could] move for a summary judgment, provided that the pleadings [were] closed as between the parties to that motion." (Emphasis omitted.) Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1, 3
n. 2, 513 A.2d 1218 (1986); see Practice Book 379. Although with the amendment to Practice Book 379 a party may now move CT Page 2533 for summary judgment at anytime, a statute of limitations defense must still be specially pleaded before it can be raised at the basis for a summary judgment motion. Engman v. Laschever, 9 Conn. L. Rptr. 312, 313 (June 28, 1993, Hennessey, J.), citing Practice Book 164; see Travelers Indemnity Co. v. Rubin, 209 Conn. 437, 445-46, 551 A.2d 1220
(1988); Forbes v. Ballaro, 31 Conn. App. 235, 239,624 A.2d 389 (1993) (ordinarily, statute of limitations defense must be specially pleaded rather than raised by a motion to strike). But a party may waive the failure to plead the statute of limitations as a special defense unless an objection is raised thereto. Aposporos v. Hospitality Association, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0085556 (April 23, 1991, citing Pepe v. New Britain, 203 Conn. 281, 286, 524 A.2d 629 (1987); see Thompson Peck, Inc. v. Harbor Marine Contracting Corp., 203 Conn. 123,132, 523 A.2d 1266 (1987).
In the present action, the plaintiff argues that the defendant's motion for summary judgment is improper because the defendant has not filed an answer to the plaintiff's complaint and therefore, the pleadings are not closed. Moreover, the plaintiff argues that a statute of limitations defense is an affirmative defense that must be specially pleaded prior to filing a motion for summary judgment. Because the plaintiff objected to the defendant's motion for summary judgment, a waiver cannot be found. On that basis, the Court concludes that the defendant's motion for summary judgment is not properly before the court.
 II
General Statutes 52-584 requires that an action for personal injuries caused by the negligence of a physician be brought within two years from the date the personal injury is sustained or discovered. Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 523-24, 562 A.2d 1100 (1989). The Connecticut Supreme Court "has construed the word `injury' in General Statutes 52-584 . . . to refer to some form of actionable harm . . . . `Actionable harm' occurs when the plaintiff discovers, or in the exercise of reasonable care should have discovered, the essential elements of a cause of action." (Internal quotation marks and footnote omitted; citations omitted.) Merly v. State, 211 Conn. 199, 205-06,558 A.2d 977 (1989). CT Page 2534
"[T]he legislature has specifically delineated a number of instances where the statute of limitations will be tolled." Beckenstein v. Potter Cotter, Inc., 191 Conn. 150, 160,464 A.2d 18 (1983), citing General Statutes 52-592 through 52-595. General Statutes 52-594 provides the following:
 If the time limited for the commencement of any personal action, which by law survives to the representatives of a deceased person, has not elapsed at the time of the person's death, one year from the date of death shall be allowed to his executor or administrator to institute an action therefor. In computing the times limited in this chapter, one year shall be excluded from the computation in actions covered by the provisions of this section.
Both parties concede that the plaintiff's medical malpractice action was tolled by General Statutes 52-594, allowing the plaintiff to institute this negligence action on or before April 9, 1993.
A medical malpractice action must be preceded by a precomplaint inquiry and good faith certificate. LeConche v. Elligers, 215 Conn. 701, 705, 579 A.2d 1 (1990). "Upon petition to the clerk of the court . . ., an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required [to obtain a certificate of good faith]. This period shall be in addition to other tolling periods." General Statutes 52-190a(b). The defendant argues that because this extension was granted on April 8, 1993, the statute of limitations was extended only from that date until July 7, 1993, rendering his complaint untimely. The plaintiff flatly disagrees, arguing that this extension permitted him to commence his action on or before July 8, 1993.
"In Connecticut, an action is commenced on the date of service of the writ upon the defendant." (Internal quotation marks omitted; citations omitted.) Hillman v. Greenwhich,217 Conn. 520, 527, 587 A.2d 99 (1991). The defendant was served with process on July 23, 1993. CT Page 2535
 [A] cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered . . . to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
General Statutes 52-593a. Service of process in the present case was personally delivered to a sheriff on July 8, 1993; the defendant was served on July 23, 1993. See Sheriff's Return and Affidavit. Therefore, assuming the statute of limitations extends to July 8, 1993, the plaintiff's cause of action is not lost.
Neither the Connecticut Supreme Court nor the Connecticut Appellate Court has "considered Section 52-190a(b)." Sternberg v. Zuckerman, 821 F. Sup. 841, 843 (D.Conn. 1993), citing Burton v. West Hartford Ob-Gyn, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 392280 (March 2, 1993) (a petition filed prior to the running of the statute of limitations precludes a clerk from inquiring whether the plaintiff needed the extra time to file her good faith certificate); Perfetto v. Daoud, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 367421 (February 24, 1993) (petition for extension limited to each named defendant against whom the cause of action is contemplated); Gabrielle v. Hospital of St. Raphael, Superior Court, judicial district of New Haven, Docket No. 319517 (April 20, 1992) (petition for ninety-day extension must be filed before the statute of limitations has run). In Sternberg v. Zukerman, supra, the court held that the ninety-day extension "commences when the statutory limitations period actually expires, even if the plaintiff erroneously happens to state an earlier date in his application for the extension." Id., 845 (ninety-day extension period commenced on April 18, 1992, the date of the statutory limitations period actually would have expired). The court reasoned that the language of52-190a(b) "suggests that the 90-day extension runs in addition to the actual limitations period, regardless of whether the plaintiff knows the precise date on which that period ends when he applies for the extension." (emphasis in CT Page 2536 original.) Id.
Under the foregoing authorities, the additional ninety-day period did not begin to run until the original limitations period expired. The first day of that period was therefore April 10, 1993 and the ninetieth day was July 8, 1993. Because the latter date is the very day on which the plaintiff personally delivered his process in action to the office of the sheriff, and the sheriff duly served the defendant within fifteen days of such delivery, this action was timely commenced and the defendant's Motion for Summary Judgment must be denied.
So ordered.
Michael R. Sheldon, Judge CT Page 2537
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2538
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2539