THOMPSON & PECK, INC. *v.* HARBOR MARINE
CONTRACTING CORPORATION ET AL.
(3562)

DUPONT, C. J., BORDEN and M. HENNESSEY, Js.

Argued June 7—decision released September 24, 1985

*John F. Lambert*, for the appellants (defendants).

*Irving H. Perlmutter*, with whom, on the brief, was
*Gary P. Sklaver*, for the appellee (plaintiff).

PER CURIAM. The plaintiff insurance agency insti-
tuted an action to recover unpaid insurance premiums
alleged to be due from the three defendant corpora-
tions. From a judgment rendered by the trial court,
*Hon. John R. Thim*, state trial referee, in favor of the
plaintiff, the defendants, Harbor Marine Contracting
Corporation, Harbor Marine Towing Company, and
Harbor Marine Equipment Corporation, appealed. The
appeal raises several claims of error, one of which we
find dispositive.

The plaintiff had been writing insurance policies for
the defendant corporations since 1978 covering the
marine operations engaged in by the "Harbor Marine"
group of corporations. The defendants did not always
pay their premiums and there was an outstanding bal-
ance due to the plaintiff. The defendants requested the
plaintiff to procure a new insurance policy covering
their marine equipment. To finance the payment of the
insurance premium and to bring the defendants' bal-

ance current with the plaintiff, the defendant Harbor Marine Contracting Corporation executed a promissory note with the Bank of New Haven (bank), which required the plaintiff to guarantee only that any return premiums remitted due to cancellation of the policy would be sent to the bank. The proceeds of the note were distributed to the plaintiff. The plaintiff reimbursed itself for a balance past due from the defendants and retained the remainder for disbursement to the insurer as premium installments came due. The installments due under the note were not paid and, subsequently, the policy was cancelled. The plaintiff then repaid the bank the full balance due on the note, believing it was a guarantor of the note. The court awarded the plaintiff damages in an amount equal to the unpaid premiums from the date of the issuance of the policy to the date of its cancellation plus interest thereon.

The defendants argue that the court erred in concluding that the proceeds of the promissory note constituted a conditional payment. The plaintiff, under its agreement with the bank, was only required by the bank to remit any return premiums to it if the policy was cancelled due to the failure to pay the note.

We consider dispositive the defendants' claim that the court erred in finding that General Statutes § 42a-3-802 (1) (b) was applicable and that the proceeds of the note payable to the bank was a conditional payment to the plaintiff.

The plaintiff received the proceeds of the promissory note which the defendant Harbor Marine Contracting Corporation executed. General Statutes § 42a-3-802 applies where "an instrument is taken for an underlying obligation." The term instrument is defined in General Statutes § 42a-3-102 as a negotiable instrument which is in turn defined by General Statutes § 42a-3-104. The plaintiff did not take an instrument

from the defendants for an underlying obligation and, therefore, General Statutes § 42a-3-802 (1) (b) is inapplicable.

The plaintiff argues that common law principles entitled the trial court to find that payment was conditional. The plaintiff relies on *Johnson* v. *Amarillo Improvement Co.*, 88 Tex. 505, 31 S.W. 503 (1895). In that case, the creditor, in order to receive payment from the debtor, endorsed the debtor's promissory note. Consequently, the creditor was obligated to pay the note if the debtor defaulted. The court thus held that the proceeds of the note were conditional as opposed to absolute payment.

The trial court, here, heard evidence on the obligation of the plaintiff and the intent of the parties and decided, as a question of fact, that the proceeds of the note constituted conditional payment. We disagree. The definitive contract language of the obligation which the plaintiff had to the bank makes this a question of law in contrast to a question of fact. *Bead Chain Mfg.Co.* v. *Saxton Products, Inc.*, 183 Conn. 266, 274–75, 439 A.2d 314 (1981). That language required only that the plaintiff would return to the bank the unearned premiums due to cancellation of the policy. The plaintiff did not guarantee repayment of the note if the defendant defaulted in payment. Payment by the proceeds of the promissory note under these circumstances was absolute.[1]

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendants.

---

[1] The plaintiff filed a preliminary statement of issues presenting for review an adverse ruling of the trial court. The claim of error, however, is not properly before us because the plaintiff failed to comply with Practice Book §§ 288 and 3060G (e).