THOMPSON AND PECK, INC. *v.* HARBOR MARINE
CONTRACTING CORPORATION ET AL.
(12874)

HEALEY, SHEA, DANNEHY, CALLAHAN and PICKETT, Js.

Argued November 7, 1986—decision released April 14, 1987

*Gary P. Sklaver,* with whom, on the brief, was *Irving H. Perlmutter,* for the appellant (plaintiff).

*John F. Lambert,* for the appellees (defendants).

PICKETT, J. The principal issues on this appeal after certification from a judgment of the Appellate Court are whether the Appellate Court erred in holding that General Statutes § 42a-3-802 (1) did not apply to the facts of this case, and whether the Appellate Court erred in holding that the determination of whether a payment is conditional under the circumstances of this case is a question of law rather than a question of fact. The plaintiff insurance agency, Thompson and Peck, Inc., brought this action against the defendants, Harbor Marine Contracting Corporation, Harbor Marine Towing Company, and Harbor Marine Equipment Corporation to recover an unpaid insurance premium. The trial court found for the plaintiff and, on appeal, the

Appellate Court reversed the trial court's judgment. *Thompson & Peck, Inc.* v. *Harbor Marine Contracting Corporation,* 5 Conn. App. 366, 368, 497 A.2d 1049 (1985). We affirm the judgment of the Appellate Court.

Beginning in 1978, the plaintiff, a general insurance agency, had written several insurance policies for the defendant corporations covering the defendants' marine operations. In May, 1981, the defendants, who were engaged in the operation of marine tugboats, scows and barges, requested the plaintiff to procure casualty and liability coverage for their vessels and equipment. At the time of this request, the defendants owed the plaintiff an outstanding balance of $12,502.53 on prior insurance policies issued to the defendants. The plaintiff procured a new insurance policy covering the defendants' equipment, the premium for which was $27,000. To finance the payment of the insurance premium and to bring the defendants' balance current with the plaintiff, the named defendant, Harbor Marine Contracting Corporation, executed a promissory note to the Bank of New Haven (bank) for $42,877, a sum equalling the premium for the new policy, the outstanding balance for premiums due on the previous policies, and a finance charge consisting of interest to accrue on the note. Because of the bank's reluctance to accept the named defendant as sole maker on the note, the plaintiff entered into an agreement with the bank, agreeing that, if the conditions of the note were breached, the insurance policy would be cancelled at the bank's request, and the plaintiff would pay to the bank a portion of the return premium sufficient to liquidate the unpaid balance of the note at the time the cancellation was requested.[1] The terms of this agree-

---

[1] The obligation of the plaintiff was as follows:

"In consideration of your company advancing funds for the account of Harbor Marine Contracting Corp. . . . .

"We hereby agree to cancel such policy(ies) at your request by serving notice of cancellation on the assured and mortgage, if any, provided such

ment were set forth on the reverse side of the named defendant's promissory note. The proceeds of the note were then paid to the plaintiff.

From the proceeds, the plaintiff deducted the amount of the past due balance, and retained the remainder for disbursement as the insurance premium installments became due. The named defendant paid the installments due under the promissory note through November 5, 1981, but failed to make the payment due on December 5, 1981, or any payment due thereafter. After the named defendant failed to make the February, 1982 installment on the note, the insurance policy was cancelled and coverage was terminated. The plaintiff paid to the bank the full balance of the note, although the agreement between the plaintiff and the bank required the plaintiff to pay only the unearned premium refunded at the time of the cancellation of the policy.[2]

The plaintiff then brought an action to recover from the defendants the unpaid installments due on the note,

---

cancellation be necessary because of a breach of any of the conditions of the above contract.

"We further agree to pay to The Bank of New Haven that portion of the return premium which will be sufficient to liquidate the unpaid balance due under said agreement at the date said cancellation is requested by The Bank of New Haven.

"We further agree that if any of the premiums on the above mentioned policy(ies) are subject to audit and the return premium is not sufficient to liquidate the unpaid balance due under said agreement, we will pay the difference.

"We further agree to notify and protect The Bank of New Haven of any changes in any policy, cancellation in whole or in part, or of any loss that would affect the security of The Bank of New Haven."

[2] Although the plaintiff agreed "that if any of the premiums on the above mentioned policy(ies) are subject to audit and the return premium is not sufficient to liquidate the unpaid balance due under said agreement, we will pay the difference," we need not consider whether the plaintiff was a volunteer paying the entire balance on the note to the bank because this action was brought, and decided, on the theory that the debt for the premium was never fully discharged at the time of the loan.

or in the alternative, the unpaid balance of the premium for the insurance policy. The trial court found that the plaintiff's action was not brought on the note, but on the underlying obligation for the policy premium. Holding that the liability of the defendants was governed by General Statutes § 42a-3-802 (1) (b),[3] the court reasoned that the note did not constitute payment of the underlying obligation unless the parties had agreed that it was to be accepted as payment, and the intent of the parties was a question of fact to be determined by the court. The court concluded that the note was given, and accepted, as conditional payment on the insurance premium obligation, and that the obligation was revived when the named defendant failed to pay the note. The trial court therefore awarded the plaintiff the unpaid balance of the premium on the insurance policy. The defendants appealed, claiming, inter alia, that General Statutes § 42a-3-802 (1) (b) was inapplicable, and the proceeds of the note were not a conditional payment to the plaintiff.

The Appellate Court reversed the decision of the trial court, holding that General Statutes § 42a-3-802 (1) did not apply because the plaintiff did not take a negotiable instrument from the named defendant. *Thompson & Peck, Inc.* v. *Harbor Marine Contracting Corporation,* supra, 367–68. The court further held that the

---

[3] "[General Statutes] Sec. 42a-3-802. EFFECT OF INSTRUMENT ON OBLIGATION FOR WHICH IT IS GIVEN. (1) Unless otherwise agreed where an instrument is taken for an underlying obligation (a) the obligation is pro tanto discharged if a bank is drawer, maker or acceptor of the instrument and there is no recourse on the instrument against the underlying obligor; and (b) in any other case the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment. If the instrument is dishonored action may be maintained on either the instrument or the obligation; discharge of the underlying obligor on the instrument also discharges him on the obligation.

"(2) The taking in good faith of a check which is not postdated does not of itself so extend the time on the original obligation as to discharge a surety."

intent of the parties did not govern the plaintiff's duties; rather, the language of the contract between the bank and the plaintiff governed its obligations, and that language required the plaintiff only to pay to the bank the unearned premiums received upon the cancellation of the defendants' insurance policy. Id., 368. The court concluded that, as a matter of law, the payment received by the plaintiff from the proceeds loaned on the promissory note under these circumstances was absolute and had discharged the defendants' indebtedness for the insurance premium. Id.

Upon the granting of certification, the plaintiff appealed, claiming that the Appellate Court erred in: (1) finding that § 42a-3-802 (1) (b) did not apply to this case; (2) finding that the determination of whether a payment is conditional is a question of law, and not a question of fact; (3) failing to find that the defendants were precluded from proving payment of the obligation because they had failed to specifically plead payment; and (4) directing the trial court to render judgment for the defendants.

I

Initially we note that, upon the granting of certification, "[w]e do not hear this appeal de novo; the focus of our review is not the judgment of the trial court but the judgment of the Appellate Court. 'The only questions that we need consider are those squarely raised by the petition for certification, and we will ordinarily consider these issues in the form in which they have been framed in the Appellate Court.' *State* v. *Torrence,* 196 Conn. 430, 433, 493 A.2d 865 (1985)." *State* v. *Beckenbach,* 198 Conn. 43, 47, 501 A.2d 752 (1985).

The plaintiff first alleges that General Statutes § 42a-3-802 (1) is controlling on this matter, and claims that the amount it received from the bank under the promissory note was conditioned upon the named

defendant making its installment payments to the bank as required by the promissory note. General Statutes § 42a-3-802 (1) states: "Unless otherwise agreed *where an instrument is taken for an underlying obligation* (a) the obligation is pro tanto discharged if a bank is drawer, maker or acceptor of the instrument and there is no recourse on the instrument against the underlying obligor; *and (b) in any other case the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment. If the instrument is dishonored action may be maintained on either the instrument or the obligation;* discharge of the underlying obligor on the instrument also discharges him on the obligation." (Emphasis added.) For General Statutes § 42a-3-802 (1) to apply, the creditor must have taken an instrument for an underlying obligation. The trial court's finding of fact establishes that the plaintiff never took an instrument from the named defendant, but instead received the proceeds of the promissory note from the bank. Since the plaintiff did not take an instrument from the named defendant for an underlying obligation, the Appellate Court did not err in deciding that General Statutes § 42a-3-802 (1) does not apply.

## II

The plaintiff further alleges that it was the intent of the parties that the payment that it received from the bank be conditioned on the named defendant making its installment payments on the promissory note. Relying on the language of § 42a-3-802 (1), which states that *"[u]nless otherwise agreed* where an instrument is taken for an underlying obligation . . . the obligation is suspended," the plaintiff argues that the intent of the parties is a question of fact for the trial court. (Emphasis added.) The trial court in this case did conclude that the note was accepted as a conditional payment on the underlying obligation. The plaintiff, however, concedes

that it did not accept the note from the named defendant. Therefore, the court's finding was factually incorrect, and the plaintiff's reliance on § 42a-3-802 (1), as we concluded in part I of this decision, is inapposite.

For the plaintiff to succeed on this claim it must prove that it had accepted the proceeds from the bank conditioned on the named defendant making its installment payments. Such a determination of what the parties intended is normally a question of fact, reversible only if the trier of fact could not reasonably have arrived at the conclusion that it had reached. *Bead Chain Mfg. Co.* v. *Saxon Products, Inc.*, 183 Conn. 266, 274–75, 439 A.2d 314 (1981); *First Hartford Realty Corporation* v. *Ellis,* 181 Conn. 25, 33, 434 A.2d 314 (1980). In the present case, although the court found that the plaintiff accepted the note as conditional payment, a finding that was concededly incorrect, there was no evidence that the plaintiff accepted the proceeds of the loan conditioned on the named defendant making the installment payments on the note. Upon the receipt of the proceeds, the plaintiff deducted the amount of the past due balance and retained the remainder for disbursement as the installments for the insurance premium became due. There is no indication that the plaintiff held the funds in escrow to be paid only on the condition that the named defendant paid the installments due on the note. The defendants, thus, could reasonably have understood the plaintiff's actions as an unconditional discharge of the underlying debt.

Additionally, there is nothing in the agreement between the plaintiff and the bank to indicate that the plaintiff accepted the proceeds conditioned upon the named defendant making the installment payment on the note. As we have stated, in situations in which the parties have their agreement in writing, " 'their intention is to be determined from its language and not on the basis of any intention either may have secretly

entertained.' " *Sturman* v. *Socha,* 191 Conn. 1, 10, 463 A.2d 527 (1983). Where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. Accord *Bead Chain Mfg. Co.* v. *Saxon Products, Inc.,* supra.

Absent evidence that the plaintiff accepted the proceeds of the loan conditioned upon the named defendant making the note's installment payments, we conclude that, as a matter of law, the acceptance of the proceeds was absolute.

## III

The plaintiff next contends that the Appellate Court erred in failing to find that the defendants were precluded from proving payment because they had failed to plead such payment specially. It claims that the trial court's purported misapplication of General Statutes § 42a-3-802 was not dispositive, as the Appellate Court reasoned, because the issue of payment, whether conditional or not, was not specifically pleaded. Although the Appellate Court did not address this issue, the defendants concede that the court's decision, which held that the payment was absolute, implicitly rejected the plaintiff's argument.

The trial court held that the defendants did not plead payment as a special defense and failed to prove payment. The issue addressed by the trial court, however, was not whether payment was or was not made to the plaintiff; it was whether the payment was conditional. The plaintiff admitted that the note was executed for the payment of the insurance policy premium, and testimony was elicited on the question of the nature, not the existence, of the payment. Further, the trial court seemed to rest its conclusion on the fact that the payment of the premium was made conditional upon the fulfillment of the payment on the note.

Although Practice Book § 164[4] requires that payment must be pleaded as a special defense even when nonpayment of the debt is alleged by the plaintiff; see *Connecticut Bank & Trust Co.* v. *Dadi,* 182 Conn. 530, 532, 438 A.2d 733 (1980); the failure to raise a special defense is waived when evidence comes in without objection. See, e.g. *Damora* v. *Christ-Janer,* 184 Conn. 109, 112, 441 A.2d 61 (1981). The plaintiff in this case alleged that the acceptance of the payment was conditional upon the payment of the note, and in fact introduced evidence that the note was given, and accepted, as conditional payment. The plaintiff cannot now claim that the defendants are precluded from proving the defendants' obligation. Therefore, the Appellate Court did not err in failing to hold that the defendants were precluded from proving payment because the defendants did not specifically plead payment.

The judgment of the Appellate Court is affirmed.[5]

In this opinion the other justices concurred.

---

[4] "[Practice Book] Sec. 164. ——DENIALS; SPECIAL DEFENSES

"No facts may be proved under either a general or special denial except such as show that the plaintiff's statement of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus, accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though nonpaymnet is alleged by the plaintiff), release, the statute of limitations and res judicata must be specially pleaded, while advantage may be taken, under a simple denial, of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon or alleges to be his own."

[5] Because we find that the Appellate Court did not err in holding that General Statutes § 42a-3-802 did not apply and that the payment, as a matter of law, was absolute, we find that the court correctly ordered judgment for the defendants. We therefore find the plaintiff's final argument, that the Appellate Court erred in directing the rendition of judgment for the defendant, to be without merit.