[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs brought this action seeking damages for breach of contract, breach of express warranty pursuant to 47-117, C.G.S., breach of implied warranties pursuant to 47-118 and 121, attempted evasion of statutory warranties in violation of 47-119, negligence and violation of 42-110 et seq. (CUTPA).
On February 1, 1989, the parties entered into a written purchase and sale agreement ("Purchase Agreement") which obligated the defendants to construct and convey to plaintiffs a single family home on the plaintiffs' not located in New Haven. The house was to be built in accordance with the plans and specifications, incorporated in the agreement. Defendant Westland Development Associates was a general partnership which included the individual defendants Bender and Civitello. The partnership retained the defendant Civitello Building Company to construct the house and the Building Company negotiated design and price changes directly with the plaintiffs. The parties incorporated the design changes into the specifications.
The plaintiffs filed a revised amended complaint consisting of seven counts. The first count alleges that the plaintiffs contracted with Westland for construction of a house and defendant Westland breached the contract by failing to complete various repairs agreed upon and set forth in an escrow agreement which was incorporated into the purchase agreement. The first count further CT Page 5935 alleges that defendants Bender and Civitello jointly and severally agreed unconditionally to guarantee Westland's obligations under the escrow agreement and therefore are liable for Westland's breach. A default judgment entered against the defendant Westland for failure to appear and at subsequent hearing in damages judgment was entered against the defendant in the sum of $29,141.25. Subsequently upon he closing of all the pleadings the plaintiffs moved for summary judgment on the first count against the remaining defendants Bender and Civitello.
The motion for summary judgment asserts that the pleadings affidavits and all other submitted proof show that there is no genuine issue as to any material fact and therefore the plaintiffs are entitled to judgment as a matter of law. Connecticut National Bank v. Great Neck Development Co. 215 Conn. 143, 148 (1990). A material fact is one "which will make a difference in the result of the case." Hammer v. Lumbermen's Mutual Casualty Co.,214 Conn. 573, 478 (1990). When the party moving for summary judgment has presented evidence in support of the motion, the opposing party is obligated to "present evidence that demonstrates the existence of some disputed factual issue. Id., at 578-579. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . ." Id., at 579.
In support of their motion for summary judgment, the plaintiffs submitted proof that defendant Westland has failed to make payments in accordance with the default judgment; that neither Bender nor Civitello has made any payments on said judgment as required by the guaranties. These defendants, in opposing the motion, rely solely upon their second, ninth and tenth special defenses in contending that there exist issues of material fact. They failed to present any evidence which would refute that admitted in support of plaintiffs' motion.
A guaranty is a contract and "`where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law.'" Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152, 158 (1991), quoting Thompson Peck, Inc. v. Harbor Marine Contracting Corp.,203 Conn. 123, 131 (1987). "The question is not what intention existed in the minds of the parties but what intention is expressed in the language used." Barnard v. Barnard, 214 Conn. 99,110 (1990), quoting Ives v. Willimantic, 121 Conn. 408, 411
(1936). "Where the language of the contract is clear and unambiguous the contract is to be given effect according to its terms." Id.
The terms of the purchase and escrow agreements and of the guaranty are clear succinct and unambiguous. Defendants Bender CT Page 5936 and Civitello agreed to "jointly and severally and unconditionally guaranty the Seller's [Westland's] obligations under this [escrow] agreement." The first count of the complaint for which default judgment entered is limited to the terms of the escrow agreement and alleges that the defendants Bender and Civitello are liable for Westland's breach pursuant to the guaranties set forth in the escrow agreement.
The motion for summary judgment is granted.
THE COURT:
Leander C. Gray Judge