[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION NOTION FOR SUMMARY JUDGMENT (#118)
CT Page 5118-CCCCC
The plaintiff, United States Fidelity and Guaranty Co., an insurer subrogated to the rights of Lorenzo, Angelina, Gennaro and Rita Contadino, filed a one-count complaint in September 28, 1993 sounding in negligence against the defendant Sonitrol Services Corp. The complaint alleges that the defendant contracted with the Contadinos to install, maintain and monitor a central station fire alarm system at property in Byram, Connecticut. The property was consumed and destroyed by fire. The complaint alleges that the damages were the result of an inadequate and malfunctioning fire alarm system. The defendant filed a motion for summary judgment as to damages on September 15, 1995. The plaintiffs filed a memorandum in opposition on March 8, 1996.
The standard of a trial court's decision to grant a motion for summary judgment is well established. "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Barrett v. Danbury Hospital, 323 Conn. 424, 250, 654 A.2d 748
(1995).
The defendant argues that the written fire alarm system installation and service agreement contained a limitation of damages clause limiting damages to $250.00, and the clause is valid and enforceable. Printed in capital letters on the front of the contract is a clause which states, in relevant part, "Client acknowledges that Sonitrol's liability is limited as set forth in paragraph [sic] 12, and accepts the limits set forth therein. Client acknowledges that the system installed is as requested and is suitable for his purpose, and unless defects or omissions are called to Sonitrol's attention, in writing, within five (5) days after completion of installation accepts the system as is. Client acknowledges that additional protection may be obtained at additional cost. Sonitrol makes no guaranty, representation or warranty including that of merchantability or fitness for particular purpose. . . ." Paragraph twelve states that Sonitrol is not an insurer, and insurance is the buyer's responsibility, that contractual payments are unrelated to the value of client's CT Page 5118-DDDDD property, that it is impractical and extremely difficult to fix actual damages resulting from Sonitrol's breach or a failure or malfunction of the system, and states that "if SONITROL should be found liable for any loss or damage due from failure to perform any of its obligations or a failure of the equipment to properly operate, SONITROL'S liability shall be limited to a sum equal to the total of six monthly payments or two hundred fifty dollars, which ever is the lesser . . . ." The paragraph concludes by stating that if the owner wishes Sonitrol to assume greater liability than the above, the owner could obtain a higher limit by paying an additional amount to Sonitrol.
The plaintiff argues that the clause is a liquidated damages clause, and as such it does not meet the three-prong test for a valid liquidated damages provision outlined in Berger v.Shanahan, 142 Conn. 726, 732, 118 A.2d 311 (1995).
"[A] contractual provision fixing the amount of damages to be paid in the event of a breach is enforceable if it satisfies certain conditions. . . . (1) The damage which was to be expected as a result of a breach of the contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable in the sense that it was not greatly disproportionate to the amount of the damage which, as the parties looked forward, seemed to be the presumable loss which would be sustained by the contracted in the event of a breach of the contract." Berger v. Shanahan, supra, 142 Conn. 732.
A number of Connecticut Superior Court cases have addressed the issue of liquidated damages provisions in fire and theft alarm installation, testing and monitoring agreements. The provisions have been upheld. Benjamin v. Detect, Superior Court, Judicial District of Danbury, Docket No. 319789 (Jan. 26, 1996, Moraghan, J.); Convenient Petroleum Corp. v. SonitrolCommunications Corp., Superior Court, Judicial District of Hartford/New Britain, Docket No. 364888 (June 12, 1992, Wagner, J., c Conn.L.Rptr. 556); Hanover Insurance Co. v. AmericanDistrict Telegraph Co., Superior Court, Judicial District of New Haven, Docket No. 232340 (Dec. 4, 1991, Stengel, J.,5 Conn.L.Rptr. 324); Hunter's Consignment. Inc. v. Sonitrol of WesternConnecticut, Superior Court, Judicial District of Danbury, Docket No. 308420 (Nov. 14, 1994, Mihalakos, J., 12 Conn.L.Rptr. 687).
The plaintiff argues that there is an issue as to the second CT Page 5118-EEEEE and third prong of the test. The plaintiff provides an affidavit from Lorenzo Contadino stating that no one from Sonitrol pointed out to him paragraph 12C on the back of the form. "Where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152,158, 595 A.2d 872 (1991). Furthermore, "in situations in which the parties have their agreement in writing, their intention is to be determined from its language and not on the basis of any intention either my have secretly entertained." (Internal quotation marks omitted.) Thompson Peck, Inc. v.Harbor Marine Cons. Corp., 203 Conn. 123, 130, 523 A.2d 1266
(1987); Water Way Properties v. Colt's Mfg. co., 230 Conn. 223,231, ____ A.2d ____ (1995) ("the inquiry must focus on the intention expressed in the lease and not on what intention existed in the minds of the parties."). The affidavit stating that Sonitrol did not point out the language to him does not create a genuine issue of material fact as to intent. Furthermore, the contract language is plain and unambiguous, and the plaintiff cannot now question the intent of the parties.
As to the third prong, the reasonableness of the amount stipulated, the Second Circuit, in interpreting Connecticut law in a case similar to the one before the court, stated that, "[t]he supplier . . . is paid for its equipment and services, and the price does not generally include a sum designed to anticipate the possible need to pay the purchaser the value of the property that the system is to protect. The owner or custodian of the property is in a far better position than the alarm system seller to know the property's value and to bargain with an insurance company for appropriate coverage and an appropriate premium."Leon's Bakery. Inc. v. Grinnell Corp., 990 F.2d 44, 49 (2nd Cir. 1993). The property owners in the instant case understood that it was their responsibility to procure such fire insurance, and they did purchase said fire insurance. In addition, the plaintiff premises owners were given the option of purchasing greater protection with higher damage limits, but they chose not to pay for the extra protection.
Accordingly, partial summary judgment is granted in favor of the defendant, Sonitrol, limiting the damages recoverable by the plaintiff, if any, to a maximum of $250.00.
ARNOLD, J. CT Page 5119