[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises out of a trip and fall that occurred on January 2, 1994 in front of the K-Mart store located at Shunpike West Plaza in Cromwell, Connecticut.
By amended complaint, dated May 7, 1997, the plaintiffs, Sebastiana Zimmitti and Nicholas Zimmitti, in their first and second counts respectively, claim damages arising out of the negligence of the defendant, K-Mart Corporation, (K-Mart). In its amended answer, special defense and cross-claim, dated May 9, 1997, K-Mart denied negligence, alleged contributory negligence on the part of the plaintiff, Sebastiana Zimmitti, and cross-claimed against the defendant, Shunpike West Limited Partnership (Shunpike) alleging that Shunpike, by virtue of the operative lease between K-Mart and Shunpike, was obligated to indemnify and hold harmless K-Mart from any claims arising out of injuries sustained in the common areas of the subject premises. In its answer and special defenses to K-Mart's cross-claim, CT Page 6840 Shunpike denies liability and alleges in special defense one, that K-Mart is liable because K-Mart agreed to indemnify and save harmless Shunpike from all claims arising out of the use of the leased buildings and in second special defense two, breach of the lease by K-Mart.
At the commencement of trial, the Zimmitti's settled the case for $30,000.00 with payment deferred until the resolution of the cross-claim between K-Mart and Shunpike.
Counsel for K-Mart and Shunpike filed a stipulation of facts and exhibits dated June 11, 1997, appeared before the court on June 19, 1997 and presented oral argument in support of their positions. The court is required to construe the lease as a matter of law and to determine the liability for payment of the settlement in the amount of $30,000.00.
K-Mart and Shunpike stipulated as follows:
1. K-Mart Corporation ("K-Mart") and Shunpike-West Limited Partnership ("Shunpike-West") are parties to a Lease Agreement which sets forth their respective obligations as to premises located at 45 Shunpike Road, Cromwell, Connecticut. A copy of the Lease Agreement and related Exhibits "A" and "B" are attached hereto as Exhibit 1. Letters dated June 21, 1991 and June 24, 1991 which reflect that the Lease was assigned to Shunpike-West are attached as Exhibit 1A. The parties to this action stipulate and agree that the attached Exhibits are true and accurate copies of the original documents and that the Lease Agreement was valid and in full force at all times relevant to this dispute.
2. In her underlying Complaint, the plaintiff Sebastiana Zimmitti alleges that on or about January 2, 1994, "as the plaintiff Sebastiana Zimmitti was exiting the store, she walked out of the exit door and was walking in a northerly direction on the walkway outside of the door when her foot was caused to catch upon a defective rug located just outside of the entrance door to the premises, causing the plaintiff to trip and fall, and resulting in serious personal injuries to the plaintiff." (Plaintiff's Complaint, Count One, ¶ 5).
3. The rug upon which the plaintiff alleges to have tripped was owned by K-Mart, maintained by K-Mart, and placed on the walkway outside of the door by K-Mart. CT Page 6841
4. The plaintiff fell outside the exit door on the walkway located in front of the store. The plaintiff fell outside the exit door on the walkway located in front of the store. The plaintiff did not fall inside the store.
A lease is a contract. Robinson v. Weitz, 171 Conn. 545, 551
(1976). "The court's determination of what the parties intended by their contractual commitments is a question of law." Thompson Peck, Inc. v. Harbor Marine Contracting Corporation,203 Conn. 123, 131, (1987). A contract is to be interpreted according to the intent expressed in its language. Barnard v. Barnard,214 Conn. 99, 110 (1990). As a contract, every provision of a lease must be given effect if it can reasonably be done, because parties ordinarily do not insert meaningless provisions in their agreements. Connecticut Co. v. Division 425, 147 Conn. 608, 617, (1960). "The lease must be construed as a whole and in such a manner as to give effect to every provision if reasonably probable. (Citation omitted)". Robinson v. Weitz, supra.
A fair reading of the parties stipulation of facts indicates that the rug over which the plaintiff Zimmitti tripped and fell was owned, maintained and placed on the sidewalk in the common area by K-Mart as an incidental use of its leased premises.
Based upon the stipulated facts and an analysis of the entire lease read as a whole, with due regard to arguments of counsel, the court construes the lease and determines the liability of the parties as follows:
Paragraph 10 of the lease between the parties reads, in pertinent part, "During the term of the lease, Landlord shall keep tenant insured against all statutory and common law liabilities for damages on account of damages to property or injuries or loss of life sustained by any person or persons while within said common areas . . . . and Landlord shall also indemnify and save Tenant harmless against any such liability."
Paragraph 29 of said lease states, in pertinent part, "During the lease term Tenant shall indemnify and save Landlord and Landlord's Ground Lessor, if any, harmless against all penalties, claims or demands of whatsoever nature arising from Tenant's use of the Tenant's buildings except those which shall result, in whole or in part, direct or indirectly, from the default or negligence of Landlord, or Landlord's Ground Lessor, if any." CT Page 6842
A fair reading of these two paragraphs along with a reading of the lease as a whole indicates that the parties contracted to limit their liability for property damage, personal injuries and loss of life to those which are proximately caused by their own default or negligence. It was the intent of both parties to indemnify each other from any liability caused by the default or negligence of the other.
For example, a structural default in the common areas, ie, sidewalks, driveways, roadways and entrances for automotive and pedestrian ingress and egress to and from the demised premises and adjacent public streets and highways, (see paragraph 10 of lease), might be found to be the proximate cause of an injury, precipitating liability on the part of the landlord (Shunpike). However, Tenant (K-Mart) could be sued for failure to provide safe conditions to a business invitee, a customer traversing the common areas and injured because of the Landlord's default or negligence, in maintaining the common areas.
In another example, while in the leased building, a business invitee might be injured where a fixture installed by the Tenant caused damages to a customer. The tenant would be liable in negligence but the Landlord would most likely also be named in the suit. Paragraph 29 would require the Tenant to hold harmless the Landlord from any claims for damages.
Under the stipulated facts and exhibits in this case, where the proximate cause of the injury is the negligence of the Tenant in the maintenance of the rug, in the common area, the court rules as a matter of law, that under the terms of the lease, specifically paragraph 29, thereof, the tenant is required to pay the settlement costs and hold harmless the landlord from any liability therefor.
In summation, the court rules as a matter of law, that the intent of the parties to the lease was to limit their liability to claims arising out of and proximately caused by their own default or negligence, no matter where occurring on the premises, common areas or leased buildings, and to hold the other harmless from any claims where whether negligent or not their actions or status was not the proximate cause of any injuries.
Accordingly, judgment may enter for the defendant, Shunpike West Limited Partnership on the defendant, K-Mart's cross claim ordering K-Mart to pay to the named plaintiffs. Sebastiana and CT Page 6843 Nicholas Zimmitti the sum of $30,000.00 and to indemnify and hold harmless Shunpike West Limited Partnership from any liability therefore.
The court further holds that the disputes herein required interpretation and resolution by the court. Therefore the court makes no award of counsel fees or costs in this case.
SPALLONE JUDGE TRIAL REFEREE