[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: CROSS MOTIONS FOR SUMMARY JUDGMENT OF THE THIRD PARTY PLAINTIFFS AND THIRD PARTY DEFENDANT (NOS. 143 144)
This action arose from a slip and fall on a ramp at Conard CT Page 6921 High School in West Hartford. The plaintiff brought an action for damages against the defendant Board of Education, Board members, the town superintendent of schools and other Board employees (defendants and/or third party plaintiffs). The third party plaintiffs filed a third party complaint against Connecticut Children's Medical Center (CCMC), third party defendant, seeking indemnification and a defense of this action pursuant to the provisions of a certain lease. The third party plaintiffs and CCMC have filed cross motions for summary judgment. For the reasons that follow, the third party plaintiffs' motion for summary judgment is granted; CCMC's motion for summary judgment is denied.
 I. FACTUAL AND PROCEDURAL HISTORY
This action arises from a slip and fall accident that occurred on December 7, 1993, at Conard High School in West Hartford, Connecticut. The plaintiff brought an action against the West Hartford board of education and its members, the West Hartford superintendent of schools, the head custodian of Conard High School, the board of education's director of plant and transportation services, and the Conard High School principal. The plaintiff, a school bus driver employed by the town of Meriden, had transported a handicapped student to a special education program at Conard High School that was run by the Connecticut Children's Medical Center ("CCMC") f/k/a Newington Children's Hospital.) In her complaint, the plaintiff alleges that she slipped and tell on an accumulation of snow and ice on a handicapped ramp at Conard High School and that the injuries and damages she sustained were caused by the negligence of the defendants. The ramp led to a building in which the special education program was conducted. The plaintiff fell on the handicapped ramp as she exited the building after her use of the building's restroom.
The defendants and third party plaintiffs thereupon filed a third party complaint against CCMC. The third party complaint (complaint) alleges that the board entered into a lease with CCMC on February 15, 1991, whereby CCMC agreed to lease certain space at Conard High School for the purpose of conducting an educational program for disabled children at the high school. The complaint further alleges that pursuant to the lease, CCMC was obligated to release, defend, indemnify, and hold harmless the town and the board for injuries or financial losses sustained by the public and "arising, or alleged to have arisen, out of or in CT Page 6922 connection with this lease, or in connection with the use of the demised PREMISES and common areas (including without limitation the hallways, exterior grounds, and parking areas). . . ."[1]
The third party plaintiffs now move for summary judgment on the ground that as a matter of law, CCMC is obligated to release, defend, indemnify and hold them harmless in connection with the plaintiff's claims. CCMC has filed a cross motion for summary judgment on the ground that CCMC is not obligated to indemnify the third party plaintiffs in connection with the use of the ramp upon which the plaintiff fell. Both parties filed memoranda of law in support of their respective positions, together with supporting affidavits and documents, and oral argument was heard.
 II. STANDARD FOR SUMMARY JUDGMENT
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v. Mucci,238 Conn. 800, 805, 679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp. , 233 Conn. 732,751, 660 A.2d 810 (1995).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co. 235 Conn. 185, 202,663 A.2d 1001 (1995). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Id.
 III. DISCUSSION
The third party plaintiffs argue in support of their motion for summary judgment that at the time of the plaintiff's fall, she was driving a special education child to the high school for CCMC's program, which was conducted on the premises leased for that purpose. They further argue that CCMC requested construction CT Page 6923 of the ramp and that the plaintiff would not have been on the ramp but for CCMC's educational program for handicapped students. Finally, they argue that the court need not reach the issue of whether the ramp was part of the common areas or demised premises because the contract language clearly obligates CCMC to defend and indemnify the third party plaintiffs for injuries arising out of or in connection with the lease or in connection with the demised premises or common areas. According to the third party plaintiffs, the plaintiff's injuries arose out of or in connection with the lease and, therefore, CCMC is obligated to indemnify and hold them harmless as to the plaintiff's negligence claims.
CCMC argues in opposition to the third party plaintiffs' motion for summary judgment and in support of its own cross motion for summary judgment that it is not obligated under the lease to defend or indemnify the third party plaintiffs in connection with the use of the ramp upon which the plaintiff fell. Specifically, CCMC argues (1) that the ramp was not part of the common areas under the lease because it was not specifically mentioned in the indemnification provision; (2) that the ramp was not expressly included in the definition of the demised premises and therefore, the indemnification provision does not cover injuries sustained on said ramp; and (3) that in any event, the circumstances surrounding the construction, ownership and maintenance of the ramp show that the parties did not intend for the ramp to be included within the demised premises or common areas under the lease.
Both parties agree that the present case presents a question of law for the court to decide.
"A lease is a contract and questions concerning it are determined in accordance with usual contract law." Amwax Corp. v.Chadwick, 28 Conn. App. 739, 741, 612 A.2d 127 (1992). "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Citations omitted; internal quotation marks omitted.) Levine v. Massey, 232 Conn. 272, 277-78, 654 A.2d 737
(1995).
"The intention of the parties to a contract is to be CT Page 6924 determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used." (Internal quotation marks omitted.) Barnard v.Barnard, 214 Conn. 99, 110, 570 A.2d 690 (1990). Finally, "[t]he court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity. . . . It is axiomatic that a party is entitled to rely upon its written contract as the final integration of its rights and duties. . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." (Citations omitted; internal quotation marks omitted.) Levine v. Massey, supra, 232 Conn. 279. See alsoThompson Peck, Inc. v. Harbor Marine Cont. Corp. ,203 Conn. 123, 130-31. 523 A.2d 1266 (1987) (holding that "in situations in which the parties have their agreement in writing, their intention is to be determined from its language and not on the basis of any intention either may have secretly entertained").
In the present case, the lease expressly provides that CCMC is obligated to defend and indemnity the third party plaintiffs for injuries or financial loss arising out of or in connection with this lease or in connection with the use of the demised premises or common areas. CCMC leased the premises for the purpose of providing an educational program to disabled children. It is undisputed that the plaintiff was on the premises to transport a handicapped child to the school to attend the program. Although the plaintiff fell as she exited the building after using the ladies' room, she would not have been on the premises but for the purpose for which it was leased by CCMC. Thus, it is crystal clear that the plaintiff's injuries arose out of or in connection with the lease. This is not seriously disputed by the parties and therefore, CCMC owes a duty to the third party plaintiffs to defend and indemnify in this case.
As previously stated, the lease imposes an obligation to defend and indemnify under two circumstances: (1) for injuries arising out of or in connection with the lease; or (2) in connection with the use of the demised premises or common areas. Because the wording of the indemnification provision in the lease is in the disjunctive, and because it is clear that the plaintiff's injuries arose out of or in connection with the lease, I need not reach the second issue. CT Page 6925
Even if I were to reach this issue, however, I conclude that CCMC's argument that the parties did not intend for the ramp to be part of the demised premises or common areas is unavailing. First, although the lease did not specifically mention the ramp, the language is broad enough to cover the ramp. The lease defines common areas as "including without limitation the hallways, exterior grounds and parking areas. . . ." (Emphasis added.) Also, the ramp was built by the board for the sole benefit and use of CCMC in conducting its program for handicapped students at the high school.[2] Finally, CCMC has submitted an affidavit attesting that CCMC did not intend for the ramp to be part of the common area or demised premises. The Connecticut Supreme Court has held, however, that "in situations in which the parties have their agreement in writing, their intention is to be determined from its language and not on the basis of any intention either may have secretly entertained." Thompson Peck, Inc. v. HarborMarine Cont. Corp. , supra, 203 Conn. 130-31. Therefore, CCMC's arguments are without merit.
 CONCLUSION
Accordingly, for the reasons stated, the third party plaintiff's motion for summary judgment must be and is granted. For the same reasons, CCMC's cross motion for summary judgment must be and is denied.
Teller, J.