[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT BY THE DEFENDANT. ENTERPRISE PLUMBING AND HEATING. INC.
 FACTS
The following facts are undisputed:
1. Leach Building Company (hereafter "Leach" and/or the "insured" and/or "subrogor"), was the general contractor for construction work being done at the Yale University Law School.
2. The plaintiff (hereafter also "Maryland Casualty" and/or "insurer" and/or "subrogee") provided a general commercial liability insurance policy to Leach which covered this job at the Law School which policy was in effect at all times relevant hereto.
3. Leach hired the defendant, Enterprise Plumbing and Heating (hereafter also "Enterprise" and/or "subcontractor") as a subcontractor to do the plumbing and heating installation.
4. The Trane Company (hereinafter also "Trane") furnished the fan coil units to be installed by Enterprise. Said units were defective.
5. Maryland Casualty paid Leach under its policy $229,739.50, the cost to repair and/or replace the units.
6. Maryland Casualty, claiming to have been subrogated to the rights of Leach against those entities claimed to be responsible CT Page 11233 for the damages it paid to Leach instituted this action against those claimed to be responsible or liable for said damages including, inter-alia, Enterprise and Trane.
7. Enterprise has brought this motion for summary judgment on count two (product liability as a product seller), count three (breach of contract with Leach) and count four (agreement to indemnify Leach), claiming that Leach agreed in writing to waive its subrogation rights against Enterprise and that Maryland Casualty is bound by that waiver. Maryland Casualty and Enterprise filed briefs, and a hearing was held before this Court on June 14, 1999. Maryland Casualty had not furnished a copy of its policy with Leach by that date. It was subsequently submitted with the brief and Enterprise has responded with a reply brief.
 STANDARD OF REVIEW
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Burns v.Hartford Hospital, 192 Conn. 451, 455 (1984); Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 11 (1983).
A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v.Graham, 161 Conn. 248, 250 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. Plouffe v. New York, New Haven and H.R.Company, 160 Conn. 482, 488 (1971). The test has been said as one "in deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. [T]he test is whether a party would be entitled to a directed verdict on the same facts." Cummings and Lockwood v.Gray, 26 Conn. App. 293, 296-97 (1991).
 ISSUES
1. It is well settled law that "It is the function of the court to construe the provisions of the contract of insurance."O'Brien v. United States Fidelity Guaranty Co., 235 Conn. 837,842 (1996). "The `[i]nterpretation of an insurance policy, like the interpretation of other written contracts, involves a determination of the intent of the parties as expressed by the CT Page 11234 language of the policy.'" (Emphasis added.) Springdale Donuts,Inc. v. Aetna Casualty Surety Co. of Illinois, 247 Conn. 801,805 (1999). "Where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Thompson Peck, Inc. v.Harbor Marine Contracting Corporation, 203 Conn. 123, 131 (1987). This Court finds that the intent of the parties as expressed by the language of the contract between Leach and Enterprise is clear and unambiguous. There is, therefore, no genuine issue of material fact, and the question, then, is Enterprise entitled to judgment as a matter of law on the complaint.
2. The contract between Leach and Enterprise states in pertinent part:
 21. Waiver of Subrogation Contractor and Subcontractor waive all rights they may have against one another for damages covered by property insurance, workers compensation, commercial general liability and automobile insurance. Subcontractor waives all rights it may have against owner for damages covered by property insurance. Subcontractor shall, and shall cause its Vendors, Suppliers and Sub-subcontractors to, waive all rights they may have against Contractor and/or each other for damages caused by fire or other perils covered by insurance, except the rights to proceeds. (Emphasis added.)
Plaintiff claims that paragraphs 20 and 9(b) somehow amend or dilute paragraph 21. Paragraph 9(b) sets forth obligations of the subcontractor, Enterprise, to the contractor, Leach, and has nothing to do with subrogation. Paragraph 20 provides for indemnification by subcontractor to contractor and also does not include any provision regarding subrogation. Plaintiff also claims that the words in paragraph 20(c) is applicable and that states in pertinent part:
(c) The Subcontractor shall carry at his own expense Workers Compensation and Employer's Liability, Comprehensive General Liability, Automotive Liability, and Excess (Umbrella) Liability Insurance with limits of not less than those sets forth:
 Limits of Liability _______________________________Type of Insurance Each Occurrence Aggregate
CT Page 11235
(1)*WORKERS COMPENSATION Statutory Statutory andEMPLOYER'S LIABILITY $500,000 Not Applicable