[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the defendant, Judith Saleeby's Motion for Summary CT Page 5419 Judgment. Defendant Saleeby, argues that she is entitled to judgment on the grounds that an Addendum to Lease provides her with a release from liability from the plaintiff. The plaintiff, John Sweet, objects to the defendant's motion for summary claiming first, that the Addendum to lease is or should be void as against public policy; and second, that even if the addendum is not void as against public policy the conduct of the defendant voided the Addendum.
The defendant is the landlord/owner of a commercial property within which the plaintiff is a tenant. The parties entered a Lease Agreement and an Addendum both dated October 1, 1996. The specific language of the Addendum states:
 "Tenant for himself and his guests, invitees, employees, and occupants does hereby release the Landlord for all liabilities in connection with injuries, death, or property damages resulting from or arising out of his use and occupancy of the premises or resulting from his negligence, and no attempt will be made to impose liability by such or otherwise."
The lease agreement itself contains a prohibition against the occupant making any alterations, repairs or changes to the property without the owner's prior explicit consent.
 "The tenant shall not make any alterations, additions, or improvements to said premises without the prior written consent of the Landlord"
Paragraph Five of the Lease Agreement.
On October 2, 1997, the plaintiff fell on steps within the building owned by the defendant while carrying boxes. Following the fall, the plaintiff filed a complaint dated April 22, 1999 alleging that his fall was caused by the defendant's negligence. The plaintiff alleges, without contradiction, that he informed the defendant that the stairs at issue were in need of repair.[1] Regarding the plaintiff's specific assertions relating to his communication with the defendant about the steps, the defendant, in her reply memorandum, argues that the facts in the plaintiff's affidavit should be disbelieved because they are purportedly inconsistent with his prior deposition testimony.[2]
The issue for this court to resolve is whether or not the Addendum to the Lease is void or voidable. For reasons more fully set forth herein, this court holds that the language of the Addendum is voided by the conduct of the defendant. It would be unjust and unfair to allow the CT Page 5420 defendant to shield herself from liability when she, by her alleged actions, prevented the plaintiff from repairing the defects which the plaintiff claims caused his injuries.
"As a general rule, . . . agreements exempting parties from liability for their own negligence are not favored by the law and, if possible, are construed so as not to confer immunity for liability. Nevertheless, exculpatory agreements . . . may be valid in certain circumstances . . ." (Citations and Internal Quotation marks Omitted). Mary Heart Crusadersv. Barry, Superior Court, Judicial District of New Haven at Meriden, docket no. 96-0251647 (April 20, 1998, Dunell, J.,). "Where there is definite contract language, the determination of what the parties intended . . . is a question of law." Thompson v. Peck. 203 Conn. 123,131 (1987). The language in the Addendum in this case is clear and unambiguous. There is no evidence that the plaintiff was defrauded, coerced or unduly influenced to enter the contract. This court cannot conclude that the Addendum at issue in this case is void as a matter of law. Therefore, the exculpatory provision in the Addendum may be enforced.
The plaintiff next argues that even if the exculpatory clause is enforced it should be voided because of the defendant's conduct. Specifically, the plaintiff claims that he knew the stairs were defective. He further claims that he informed the defendant of the defects and requested that the defendant repair the steps. After no response, the plaintiff alleges that he offered to repair the steps himself and sought permission from the defendant to do this. Because of the Lease Agreement, which incorporates a provision preventing the tenant (the plaintiff) from making "alterations, additions or improvements" without prior written consent, the plaintiff claims that he was prevented from making the needed repairs himself. He also claims that the defendant failed to make the repairs, even though she knew of should have known of the defect.
As noted earlier, the defendant argues that many of the factual assertions of the plaintiff are inconsistent. While these alleged inconsistencies in the plaintiff's testimony cited by the defendant may be pertinent to the ultimate determination of whether or not a trier of fact believes the veracity of the plaintiff's testimony, they do not prevent this court from denying the motion for summary judgment. First, the plaintiff has alleged sufficient facts to put the issue of whether or not he communicated to the defendant that the steps needed repair in dispute. Second, the more pertinent issue, whether or not the defendant withheld her permission to repair the steps, is, thus far, undisputed and thus, inclines the court to rule in favor of the plaintiff. CT Page 5421
The court proceeds to the plaintiff's next argument: that the exculpatory clause is void as a result of defendant's conduct. This argument has merit. Upon a review of the evidence, the plaintiff raises an issue of equity. The defendant should not be able to benefit from the protection of the Addendum when she did not adhere to the provisions of the contract regarding repairing defective property. The court notes that the disputed facts supporting and opposing the plaintiff's contention are sufficient to prevent the granting of the motion for summary judgment. In other words, because there is a question regarding whether or not the defendant, through her actions, prevented the repair of the steps, she is not entitled to judgment, as a matter of law, and the court must deny her motion for summary judgment.
For the foregoing reasons, the court denies defendant's motion for summary judgment.
Angela C. Robinson-Thomas, Judge